61,391-08

Feb. 22, 2015

Guadalupe Padilla #1088118
Terrell Unit
1300 FM 655
Rosharon, TX 77583

MOTION DISMISSED
DATE: 3-3-15
BY: PC

COURT OF CRIMINAL APPEALS
Clerk - Abel Acosta
P. O. Box 12308, Capitol Station
Austin, TX 78711

Re: Case No.: WR-61,391-08, Writ of Habeas Corpus Application
Tr..Ct. No.: 952802-E    DENIED : 2-11-2015

Dear Clerk:

Enclosed please find original Motion for Reconsideration on Court's Own Motion, of denial of Applicant's writ of habeas corpus, art. 11.07 V.A.C.C.P.. Applicant is an indigent pro se litigant without access to phone, E-mail, computer or xerox copier. Please file this original, without copies, and bring to the attention of the court.

Thank you for your assistance.

*Guadalupe Padilla*

APPLICANT  PRO SE

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 25 2015

Abel Acosta, Clerk

NO. WR-61,391-08

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

GUADALUPE PADILLA

Petitioner

V.

THE STATE OF TEXAS

Application for writ of habeas corpus in Cause
No. D1DC-95-952802 (95-2802), from the 167th
District Court of Travis County, Texas

## MOTION FOR RECONSIDERATION
## ON COURT'S OWN MOTION

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Guadalupe Padilla, Applicant, with his Motion For Reconsideration on Court's Own Motion, of the refusal to grant relief in application for writ of habeas corpus. Applicant argues that the instant application should not be denied until the State court's grant an evidentiary hearing, and fact finding proceedings. Here, application adequately alleged facts which, if true, would entitle the Applicant relief. (Application denied 2-11-2015).

I.

The federal court is required by federal law to accept as true any factual allegations that are made and supported in federal court, when the State court has made findings against the Petitioner on those facts without first ordering a hearing. The State fact finding procedure is deemed "unreasonable", which means that the State's factual findings are not binding on federal habeas corpus. Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004).

1.

In addition, reconsideration is required to determine whether State court's fact findings warranted a presumption of correctness. Jefferson v. Upton, 130 S.Ct. 2217 (2010).

II.

Applicant contends the procedures which led up to the State court's summary denial of habeas relief may have been so deficient that they resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. §2254 (d)(2).

Applicant challenges the fact-finding process itself on the ground that it was deficient in the following particulars:

1. conviction was based on outmoded science;

2. the State court's failure to address relevant and material questions raised by results of post-conviction DNA testing, where results conflict with State's theory of case and facts presented to the jury;

3. whether the State court reached an accurate result and did it fairly, in light of new rule of law establishing that outmoded science as a cause of action for a writ of habeas corpus. Art. 11.073 V.A.C.C.P..

With all due respect to the Judges of the Court of Criminal Appeals, this Applicant poses the following scenario in that it relates to the facts and circumstances in this case:

Applicant asks what a person should do if authorities responding to a Complaint, entered your house and collected bedsheets from the bed which that person shares with his wife/girlfriend (and upon which they had had consensual sex), and used this bedsheet at person's trial to show that bedsheet had semen stains, and through pretrial DNA testing identified said person's DNA profile mixture from semen stain, but not Complainant's and used this evidence against him at trial. At trial the State failed to perform DNA testing on sexual assault kit, but post-conviction DNA test results reflect said person identified from bed-sheet (semen stain) was excluded from DNA profile mixture from sexual assault kit. In addition, Hospital records from sexual assault exas

2.

reflected that Complainant had a sexually transmitted disease - Tricho-monas, with live STD organisms, at time of exam, and State's expert witness told or explained to the jury that STD would have to come from fluid in the semen (from bedsheet).

In the case at bar, and contrary to the State's evidence and theory of the case presented to the jury, post-conviction DNA testing (a validated forensic science), has cast doubt on the accuracy of the original jury verdict. Here, Complainant was excluded from DNA profile from semen stain on bedsheet, and Applicant was excluded from DNA profile mixture identified in sexual assault kit. Questions raised by validated DNA testing, which conflict with trial court outmoded science, relate to:

*** The Immaculate STD Transmission ***

1. Who transmitted sexually transmitted disease/infection - Trichomonas with live parasitic organisms, to Complainant on Oct. 22, 1994; and/or does the Court of Criminal Appeals simply defer to a trial court finding that Complainant simply contracted S.T.D. but, not explaining how??

2. Does STD - Trichomonas found in vaginal fluid collected from Complainant at sexual assault exam of Oct. 22, 1994, constitute biological biological material for purposes of Chapter 64 proceedings??

3. Did the State court's properly analyze outmoded science used at trial to determine method of transmission of S.T.D, in light of DNA testing; and did the State Court's fairly apply new law establishing that outmoded science is a cause of action for a writ of habeas corpus??

### Prayer

Applicant prays the court reconsider it's judgement, denying habeas corpus Application, and re-visit habeas claims to determine whether fact finding proceedings are adequate and warrant a presumption of correctness.

Guadalupe Padilla #1088118
Terrell Unit
1300 FM 655
Rosharon, TX 77583

## Certificate of Service

I, hereby certify and declare that a true and correct copy of the foregoing Motion for Reconsideration on Court's Own Motion, has been forwarded to the Travis County District Attorney's Office, P. O. Box 1748, Austin, Texas 78767, by depositing such in U.S. Postal container, first-class postage prepaid, on this the 22nd day of Feb., 2015.

*Guadalupe Padilla*

## Unsworn Declaration

I, Guadalupe Padilla, TDCJ-ID No. 1088110, hereby declare under penalty of perjury that I am currently incarcerated in the Terrell Unit, TDCJ-ID in Brazoria County, Texas, and that the statements in this foregoing instrument are true to the best of my beliefs.

So sworn on this the 22nd day of Feb., 2015.

*Guadalupe Padilla*

4.